IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

DIXIE MAYHEW,                    )
                                 )
            Plaintiff,           )
                                 )
     v.                          )    Case No. 09-1141-WEB
                                 )
MICHAEL J. ASTRUE,               )
Commissioner of Social Security, )
                                 )
            Defendant.           )

MEMORANDUM AND ORDER

Now before the court is the review of the final decision of the Commissioner of Social Security denying Dixie Mayhew disability insurance benefits. The matter was referred to the Magistrate Judge for a recommendation and report pursuant to Rule 72 (b), Federal Rules of Civil Procedure. The Recommendation and Report was filed on February 26, 2010 (Doc. 31). The Defendant filed an objection to the Report and Recommendation (Doc. 32), and the Plaintiff filed a response (Doc. 35).

The Magistrate Judge found that there was no evidence in the record that contradicted the treating opinion of Dr. Knight regarding the Plaintiff's mental impairments and limitations. The Magistrate Judge found that this case had been pending for seven years and had already been remanded once due to errors by the Commissioner. The Magistrate Judge found that remand for an additional hearing would serve no purpose. The Magistrate Judge recommended that the decision of the Commissioner be reversed, and that the case be remanded for an award of benefits based on a finding that the Plaintiff was disabled as of October 1, 1997.

The Defendant filed an objection to the Report and Recommendation. The Defendant

argues that remand for an award of disability insurance benefits is premature, as the ALJ ended his decision at step four. Therefore, the case should be remanded for the ALJ to complete the sequential evaluation process.

The Plaintiff argues that remand for further proceeding is unnecessary, and requests the court adopt the Report and Recommendation. The Plaintiff argues that the evidence that the Plaintiff could not do supervisory, skilled work was uncontrovated, and the evidence that Plaintiff would likely miss numerous days of work a month due to her health issues was undisputed. Plaintiff argues that she has sustained her burden of proof and that Dr. Knight's opinion was undisputed, that she is unable to work.

It is within the court's discretion to remand either for further administrative proceedings or for an immediate award of benefits. Ragland v. Shalata, 992 F.2d 1056, 1060 (10th Cir. 1993). The court should consider the length of time the matter has been pending and whether or not remand for additional fact-finding would serve any useful purpose or would delay the receipt of benefits. Madron v. Astrue, 311 Fed.Appx. 170, 182 (10th Cir. 2009).

In Madron, the Court found that a delay of six years, together with no reason to delay the proceedings any longer, and the uncontroverted evidence that Ms. Madron was incapable of performing any of her previous work warranted a remand for immediate benefits. In Huffman v. Astrue, 290 Fed.Appx. 87 (10th Cir. 2008), the Tenth Circuit found that due to a lengthy delay and the Commissioner's erroneous disposition of the matter, it was appropriate to remand for an award of benefits. Id. at 90.

The Defendant argues that the case should be remanded for further proceedings as the ALJ did not perform an analysis of the case through step five. At step five, the burden shifts to

the Commissioner to show the claimant retains sufficient RFC to perform work in the national economy, given her age, education, and work experience. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007). A review of the record shows there is sufficient information in the record for a determination of disability. This case has been pending since 2003, and the court finds that no further fact finding would serve any useful purpose.

IT IS THEREFORE ORDERED that the Recommendation and Report (Doc. 31) be adopted by the Court.

It is further ORDERED that the decision of the Commissioner be REVERSED and the matter be REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for an award of benefits in accordance with the standards set out in the Recommendation and Report.

The Clerk of the Court is directed to enter Judgment accordingly.

SO ORDERED this 6th day of April, 2010.


                                        s/ Wesley E. Brown
                                        Wesley E. Brown
                                        U.S. Senior District Judge